# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEISHA BEVLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-01484 JAR |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant RAC Acceptance East, LLC's Motion to Dismiss. (Doc. No. 21). The motion is fully briefed and ready for disposition.

**Background**

Plaintiff brings this action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., against four defendants: credit reporting agencies Equifax Information Services, LLC, and Trans Union, LLC (collectively referred to as "CRAs"), and credit information furnishers St. Louis Community Credit Union and RAC Acceptance East, LLC, d/b/a/ Acceptance Now ("RAC") (collectively referred to as "Furnishers").[1]

Plaintiff alleges generally that she filed for Chapter 7 Bankruptcy on May 27, 2015 and received an Order of Discharge from the Bankruptcy Court on September 17, 2015. (Complaint ("Compl."), Doc. No. 1 at ¶¶ 9-10). On August 30, 2017, Plaintiff obtained her Equifax and Trans Union credit report and noticed an account listed with RAC without a notation of

---

[1] Plaintiff dismissed her claims against St. Louis Community Credit Union on February 13, 2019. (Doc. No. 30).

1

bankruptcy discharge.[2] (Id. at ¶ 11). Without this notation, Plaintiff asserts that any creditor reading her credit report would be misled to believe that this account is still open and active when in fact, the account is closed and no longer her obligation. (Id. at ¶ 12). Plaintiff disputed the credit report in a letter to Trans Union and Equifax on May 1, 2018, explaining that the accounts reflected by the "errant trade lines" were discharged in bankruptcy and attaching the Order of Discharge. (Id. at ¶¶ 13-14). Plaintiff received the CRAs' investigation results showing that the CRAs and the Furnishers "failed or refused to report the Errant Trade Line with the notation of bankruptcy discharge." (Id. at ¶¶ 16-18).

As relevant to Defendant RAC, Plaintiff alleges that after being informed by the CRAs that she disputed the accuracy of the credit reporting, RAC negligently and willfully "failed to conduct a proper investigation of Plaintiff's dispute"; negligently and willfully "failed to review all relevant information available to it and provided by [the CRAs] in conducting its reinvestigation"; and negligently and willfully "failed to direct [the CRAs] to report the notation of bankruptcy discharge on the Errant Trade Line," all as required by 15 U.S.C. § 1681s–2(b). (Id. at ¶¶ 20-21; 27-28). Plaintiff alleges that as a result of RAC's actions, she has suffered damages, mental anguish, and incurred attorney's fees.

Relying on Kaestner v. Diversified Consultants, Inc., No. 4:17-CV-2607 CAS, 2018 WL 465786, at *1 (E.D. Mo. Jan. 17, 2018), RAC moves to dismiss Plaintiff's claims against it for failure to state a claim. RAC argues that Plaintiff's factual allegations are so threadbare and conclusory that RAC cannot discern the improper conduct in which it allegedly engaged and to meaningfully contest it. Specifically, RAC maintains that the complaint contains no details or facts about what RAC did or communicated in response to the purported communication from

---

[2] Plaintiff refers to this as an "Errant Trade Line." A credit report tradeline is an industry term to describe a record of activity for any type of credit extended to a borrower and reported to a credit reporting agency.

2

the CRAs (Doc. No. 22 at 5-6), and no facts regarding the information allegedly provided by the CRAs to RAC, or what RAC allegedly did in response (id. at 6-7).

Plaintiff responds that federal pleading standards do not require her to plead the level of specificity RAC is suggesting and that she has pled sufficient facts to support a plausible claim for relief against RAC pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). (Doc. No. 26 at 4). Plaintiff argues that no consumer could plead facts regarding the communications between a CRA and a furnisher or the details of a furnisher's investigative practices with the specificity sought by RAC before engaging in discovery. Alternatively, Plaintiff requests leave to amend her complaint. (Id. at 7).

RAC replies that under Twombly and Iqbal, Plaintiff must make a plausible FCRA claim *before* seeking discovery and that here, Plaintiff is merely restating the elements of her claim in a conclusory fashion. (Doc. No. 28 at 2).

**Legal standard**

In ruling on a motion to dismiss, the Court assumes all facts alleged in the complaint are true, and liberally construes the complaint in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. See Horras v. Am. Capital Strategies, Ltd., 729 F.3d 798, 801 (8th Cir. 2013); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Iqbal, 556 U.S.

at 678 (quoting Twombly, 550 U.S. at 570). Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. Id.

In ruling upon a motion to dismiss, "matters outside the pleadings are not to be considered, while attachments to the pleadings can be." Kehoe v. Wal-Mart Stores E., LP, No. 4:08CV991 HEA, 2009 WL 57143, at *2 (E.D. Mo. Jan. 9, 2009). However, documents "necessarily embraced by the complaint" are not matters outside the pleading. Enervations, Inc. v. Minnesota Mining & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004).

**Discussion**

Under FCRA, if a consumer notifies a consumer reporting agency of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to reinvestigate the disputed information. Id. § 1681i(a). As part of its reinvestigation, the CRA must notify the furnisher of the credit information of the dispute. Id. § 1681i(a)(2). Upon notice of a dispute from a CRA, § 1681s–2(b)(1) requires the furnisher of the information to conduct an investigation regarding the dispute and report its findings accordingly. Section 1681o of the FCRA provides consumers with a cause of action for negligent noncompliance with § 1681s–2(b), permitting the recovery of actual damages, costs, and attorney's fees. Bruce v. First U.S.A. Bank, N.A., 103 F. Supp.2d 1135, 1142–43 (E.D. Mo. 2000).

Generally, to state a claim against a furnisher for violating § 1681s–2(b), a plaintiff must establish: (1) a dispute regarding the accuracy or completeness of information with a CRA; (2) notice from the CRA to the furnisher of the dispute; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation. See 15 U.S.C. §§ 1681s–2(b); 1681i(a)(2).

RAC compares Plaintiff's allegations to those in other FCRA cases that were dismissed for failure to state a claim. (Doc. No. 28 at 4-6). In Kaestner, for example, plaintiff's petition was dismissed for failure to state a claim because "it d[id] not identify the account(s) at issue and d[id] not allege how the information [defendant] reported back to any of the CRAs was incorrect, incomplete, or inaccurate, or allege in what manner [defendant] failed to investigate, reinvestigate, or report." 2018 WL 465786, at *4.

In Reeves v. Nelnet Loan Services, No. 4:17-CV-3726, 2018 WL 2200112 (S.D. Tex. May 14, 2018), the plaintiff alleged that defendants "failed to conduct a reasonable re-investigation of information forwarded to them by [ ] Consumer Reporting Agencies" and "failed to have reasonable procedures to notate consumers['] disputes." Id. at *4. The court found these conclusory allegations insufficient to state a plausible claim for relief. "Plaintiff does not allege facts supporting a plausible inference that she had discharged any of the debts reported by Defendants or that she had not actually opened a reported credit line or incurred a reported debt." Id. Likewise, the court found plaintiff's allegation that defendants "failed to consider all relevant information forwarded to them by the consumer reporting agencies," "fail[ed] to review the account level documentation," and "fail[ed] to notate disputed information," was little more than a formalistic recitation of the applicable statutory language. Id. "Plaintiff does not identify in any way . . . the information [d]efendants received from the CRAs but failed to consider in their investigations related to her dispute." Lastly, the court found the plaintiff had not alleged facts suggesting the investigation results the defendants reported to the CRAs were in any way inconsistent with the conclusions they actually reached upon completing their respective investigations. Id. at *5.

Similarly, in Emmit House v. Credit One Bank, No. CIV-17-957-R, 2018 WL 1440981 (W.D. Okla. Mar. 22, 2018), the plaintiff alleged that the defendant "fail[ed] to consider all relevant information forwarded to [it] by the consumer reporting agencies . . . and to notate the disputed information as disputed to [the CRAs]." The court noted that the plaintiff quoted the correct statutory language, but failed to plead facts that made such a violation plausible. Id. at *2.

Unlike in these cases, however, Plaintiff's complaint provides sufficient detail to give notice to RAC about the nature of her dispute and RAC's failure to investigate or respond to the dispute. She alleges that she received an Order of Discharge in bankruptcy on September 17, 2015; subsequently noticed reporting inaccuracies on her credit report without notation of bankruptcy discharge; and sent dispute letters to the CRAs on May 1, 2018 explaining that the accounts reflected by the tradelines were discharged in bankruptcy and attaching the Order of Discharge. Plaintiff further alleges upon information and belief that the CRAs forwarded her dispute to RAC, who then "failed or refused to report the Errant Trade Line with the notation of bankruptcy discharge." On a motion to dismiss, this is sufficient factual content that allows the Court to draw the reasonable inference that RAC is liable for the misconduct alleged.

**Conclusion**

For these reasons, RAC's motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant RAC Acceptance East, LLC's Motion to Dismiss [21] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant RAC Acceptance East, LLC shall file an answer to Plaintiff's complaint within fourteen (14) days of the date of this Order.

Dated this 1st day of April, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**